112 F.3d 1048
 97 Cal. Daily Op. Serv. 3245, 97 Daily Journal
D.A.R. 5637
Jane DOE, for and on behalf of herself, surviving spouse,
and on behalf of the surviving children, A Doe, B Doe, and C
Doe, of decedent John Doe, and independently as
representative of the Estate of John Doe, and as the
Representative of Plaintiff Classes of Persons similarly
situated, Plaintiffs-Appellants,
v.
AMERICAN NATIONAL RED CROSS, a foreign corporation; United
Blood Services, a division of Blood Systems, Inc., a foreign
corporation; Council of Community Blood Centers, a foreign
corporation; the University of Arizona; S. Gerald Sandler,
M.D., Alfred Katz, M.D., and Roger Dodd, M.D., in their
individual and official capacities, Defendants-Appellees.
Jane DOE, for and on behalf of herself, surviving spouse,
and on behalf of the surviving children, A Doe, B Doe, and C
Doe, of decedent John Doe, and independently as
representative of the Estate of John Doe, and as the
Representative of Plaintiff Classes of Persons similarly
situated, Plaintiffs-Appellees,
v.
AMERICAN NATIONAL RED CROSS, Defendant-Appellee,
and
United States of America, Appellant,
and
Dennis Donohue, M.D., in his individual and official
capacities, Defendant-Appellant.
 Nos. 95-16658, 95-16764.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided May 2, 1997.
 
 1
 J. Patrick Butler, Tucson, AZ, and Roy G. Spece, Jr. and Rose Marie Ibanez, Ibanez & Wilkinson, for plaintiffs-appellants/cross-appellees.
 
 
 2
 Ellen K. Wheeler, Tucson, AZ, for defendant-appellee Council of Community Blood Centers.
 
 
 3
 Joseph E. Mais, Brown & Bain, Phoenix, AZ, and Tracy L. Merritt and William H. Forman, Los Angeles, CA, for defendant-appellee American Red Cross.
 
 
 4
 Tom Manning, San Francisco, CA, and Christopher J. Smith, Chandler, Tullar, Udall & Redhair, Tucson, AZ, for American Association of Blood Banks.
 
 
 5
 Nikki Calvano, United States Department of Justice, Washington, D.C., for appellant United States.
 
 
 6
 Barbara L. Herwig, Richard A. Olderman, United States Department of Justice, Washington, D.C., for defendant-appellant Dr. Dennis Donohue.
 
 
 7
 Foster Robberson, Lewis & Roca, Phoenix, AZ, for Amicus Curiae Blood Systems, Inc.
 
 
 8
 Appeals from the United States District Court for the District of Arizona, Richard M. Bilby, Chief Judge, Presiding. D.C. No. CV-94-00521 RMB.
 
 
 9
 Before: FLETCHER and FERGUSON, Circuit Judges, and KING,* District Judge.
 
 SAMUEL P. KING, District Judge:
 
 10
 Plaintiff/appellant/cross-appellee Jane Doe ("Doe" or "Appellant") appeals the decision of the district court, granting Defendant/appellee/cross-appellant Dr. Dennis Donohue's ("Donohue" or "Appellee") motion to dismiss based on Donohue's qualified immunity. Doe filed suit against Donohue, then-director of the United States Food and Drug Administration's ("FDA") Division of Blood and Blood Products, and others, alleging common law negligence, fraud, and constitutional torts related to the death of her husband from Acquired Immunodeficiency Syndrome ("AIDS"), which he contracted after receiving a blood transfusion at a University of Arizona Hospital in 1984. The dismissal of Donohue from Doe's action was certified for immediate appeal under Fed.R.Civ.P. 54(b). Donohue cross-appeals the district court's exercise of personal jurisdiction over him. We affirm the district court's dismissal of Donohue on grounds that the district court lacked personal jurisdiction.I. Background
 
 
 11
 Doe brought a class action against the American Red Cross, the University of Arizona, various doctors, several blood banks, and Donohue, after her husband died of AIDS. In her suit, Doe alleged that Donohue, in his capacity as Director of the FDA's Division of Blood and Blood Products, failed to properly ensure a blood supply free from the AIDS virus. Doe claimed that as a result of this failure, her husband contracted AIDS from a blood transfusion he received in 1984 at an Arizona Hospital.
 
 
 12
 In Count VII of her complaint, Doe alleged that Donohue committed a constitutional tort by intentionally and wilfully conspiring with the "voluntary" blood sector to subvert the regulatory process and hide the risk of blood transfusions from the public. Doe's complaint further alleged that Donohue violated her and her husband's right to due process by intentionally and wilfully deviating from his responsibilities to ensure a safe blood supply. Specifically, Doe claimed that he failed to bar certain high-risk groups from donating blood, failed to publicize the risks of having a blood transfusion, and failed to encourage blood companies to develop the best procedures for ensuring a safe blood supply.[1]
 
 
 13
 Appellee filed a motion to substitute the United States as the proper defendant and a motion to dismiss.[2] The district court denied the former motion, finding that substitution was not warranted because Appellant's suit was not brought under the Federal Tort Claims Act, but rather alleged a constitutional tort. However, the district court granted Appellee's motion to dismiss, finding that, although Doe's complaint alleged a constitutional tort, Appellee was protected by qualified immunity.[3] Doe then moved for reconsideration, to amend the complaint,[4] and for entry of final judgment against Donohue pursuant to Fed.R.Civ.P. 54(b). The district court denied Doe's motions to reconsider and to amend the complaint, and entered final judgment in favor of Donohue on July 17, 1995.[5]
 
 II. Discussion
 
 14
 Although the district court granted Donohue's motion to dismiss based on qualified immunity, we affirm the decision based on other grounds. The district court found that it had personal jurisdiction over Donohue, and Donohue appeals this finding. We hold that the district court erred in exercising personal jurisdiction over Donohue.
 
 
 15
 The Arizona long-arm statute provides for personal jurisdiction co-extensive with the limits of federal due process. Batton v. Tennessee Farmers Mut. Ins. Co., 153 Ariz. 268, 736 P.2d 2, 4 (1987). Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A court's exercise of personal jurisdiction over a nonresident defendant may be either general or specific. "If the defendant's activities in the state are 'substantial' or 'continuous and systematic,' general jurisdiction may be asserted even if the cause of action is unrelated to those activities." Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir.1986) (citation omitted).
 
 
 16
 The district court incorrectly found that it had general jurisdiction over Donohue.[6] Donohue's activities were not pervasive enough to subject him to general jurisdiction. Our inquiry, however, does not end there. Without general jurisdiction, we must look to whether the court had specific jurisdiction over Donohue. In this Circuit, a three-part test determines whether specific jurisdiction may be applied to a defendant:
 
 
 17
 (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities [; and] (3) [e]xercise of jurisdiction must be reasonable.
 
 
 18
 Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir.1995) (citations omitted). All of these requirements must be met for jurisdiction over the defendant to comply with due process. Id.
 
 
 19
 "Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir.1990), rev'd on other grounds, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). This requirement ensures that a defendant "will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." Burger King v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citations and internal quotations omitted). Assuming that Appellant's allegations are true, Donohue was only peripherally involved in the dissemination of blood products into Arizona. He did not promote the transaction of business and his contacts were, at best, attenuated. There was no reason for Donohue, a government employee working and living in the Washington, D.C. area, to believe that his role in the regulatory process would expose him to the power of the courts in Arizona.
 
 
 20
 Furthermore, Appellant's injury did not arise out of Donohue's alleged activities. In Shute, this court explicitly adopted the "but for" test for determining whether a plaintiff's injury arises out of a defendant's forum-related activities.[7] 897 F.2d at 385. Assuming that Appellant's allegations are true, Donohue's relation to blood transfusions performed in Arizona is far too attenuated to satisfy the "but for" test. Donohue did not control the flow of blood or blood products into Arizona. Therefore, it cannot be said that Appellant would not have sustained her injury, "but for" Donohue's alleged misconduct.
 
 
 21
 Although "[r]easonableness is considered as a separate factor in determining the existence of limited personal jurisdiction," Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1198 (9th Cir.1988), a defendant need only prove the unreasonableness of a court's exercise of personal jurisdiction if it is shown that the defendant's activities were purposefully directed at the forum state. Id. As already discussed, Donohue did not direct his activities at Arizona and did not control the distribution of blood products. Therefore, the district court erred in exercising personal jurisdiction over Donohue. For the foregoing reasons, the decision of the district court dismissing Donohue from Doe's action is
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 Specifically, the Hepatitis B core antibody blood test, which indicates the presence of the Hepatitis B core antibody. Appellee concedes that according to the medical literature, up to 90% of persons infected with AIDS also test positive for the Hepatitis B core antibody. Doe asserts that if this test had been employed by blood banks, high-risk donors would have been eliminated from the blood pool. This type of test is known as a surrogate test because it does not test for the presence of the disease itself, but rather, for the presence of another disease which may be associated with the target disease
 
 
 [2]
 In response to Appellee's motion to substitute, Doe submitted a proposed Second Amended Complaint which was considered by the court on Appellee's motion to dismiss
 
 
 [3]
 In his motion to dismiss, Appellee also argued that the district court lacked personal jurisdiction. The district court rejected this argument
 
 
 [4]
 Doe sought to file a Third Amended Complaint to cure deficiencies found dispositive by the district court in its order granting Appellee's motion to dismiss. Specifically, Doe sought to better allege knowing misconduct by Donohue
 
 
 [5]
 The judgment of the court was entered by minute order; no written reasons were given
 
 
 [6]
 The district court's order does not expressly refer to specific jurisdiction but states:
 Under Burger King v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), jurisdiction is proper if the defendant purposefully directed his activities at residents in the forum state, thus establishing minimum contacts, and the assertion of jurisdiction comports with our notions of fair play and substantial justice. The delivery of products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state is sufficient to establish minimum contacts. Id. In this case Donohue allegedly tampered with the regulatory process of a product which is manufactured and disseminated nationwide. It would be inconsistent to hold that those who distribute the product nationally are subject to jurisdiction everywhere but those that regulate that distribution are not.
 
 
 [7]
 Although Shute has been questioned, the "but for" test remains viable. In Omeluk, this Court stated:
 The authority of our decision in Shute is questionable. The Supreme Court reversed our decision in Carnival Cruise Lines Inc. v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) [parallel citations omitted]. The Supreme Court did not reach the issue of whether the "but for" test was appropriate in Carnival Cruise Lines. But neither did the Court expressly note that the jurisdiction issue was not before it, [citations omitted], or limit its grant of certiorari to a separable issue. Because of the posture of the Court's reversal of Shute, it is not clear whether the "but for" test survives.
 52 F.3d at 271-72. However, in Carnival Cruise Lines, the Supreme Court explicitly stated that it did not "consider petitioner's constitutional argument as to personal jurisdiction." 499 U.S. at 589, 111 S.Ct. at 1525. Furthermore, this Court did not decide whether the "but for" test "retained its vitality" in Omeluk, because the court found that even if it did, it was not met. 52 F.3d at 272. Therefore, the "but for" test is still employed in determining whether a plaintiff's injuries arose out of a defendant's forum-related activities.